UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PUBLIC EMPLOYEES FOR <br> ENVIRONMENTAL RESPONSIBILITY, <br> 2000 P Street NW, Suite 240 <br> Washington, D.C. 20036 <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES ENVIRONMENTAL <br> PROTECTION AGENCY OFFICE OF THE <br> INSPECTOR GENERAL, <br> 1200 Pennsylvania Ave., NW <br> Washington, DC 20460 <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. 15-cv-1339 <br><br><br> **COMPLAINT** |

**PRELIMINARY STATEMENT**

1. Plaintiff Public Employees for Environmental Responsibility ("PEER" or "Plaintiff") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq*., as amended, in order to compel the United States Environmental Protection Agency's Office of the Inspector General ("EPA-OIG" or "Defendant"), to disclose records wrongfully withheld in failing to respond within the statutory deadline to Plaintiff's FOIA request.

2. Plaintiff is a non-profit organization with tax-exempt status dedicated to research and public education concerning the activities and operations of federal, state, and local governments.

3. On June 22, 2015, Plaintiff sent a FOIA request via U.S. mail and e-mail seeking records related to Defendant's investigation of the staff of the U.S. Chemical Safety and Hazard Investigation Board's ("CSB") use of personal email accounts to conduct official business.

4. FOIA requires that federal agencies respond to public requests for records, including files maintained electronically, to increase public understanding of the workings of government

and to provide access to government information. FOIA reflects a "profound national commitment to ensuring an open Government" and directs agencies to "adopt a presumption in favor of disclosure." Presidential Mem., 74 Fed. Reg. 4683 (Jan. 21, 2009).

5. The FOIA requires agencies to determine within 20 working days after the receipt of any FOIA request whether to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i). Agencies may extend this time period may only in "unusual circumstances" and then only for a maximum of ten additional working days. 5 U.S.C. § 552(a)(6)(B)(i).

6. To date, Defendant has produced no records in response to Plaintiff's June 22 request. Defendant's arbitrary and capricious failure to provide responsive records within twenty working days amounts to a denial of Plaintiff's FOIA request.

7. Plaintiff constructively exhausted its administrative remedies under 5 U.S.C. § 52(a)(6)(C)(i), and now seeks an order from this Court requiring Defendant to immediately produce the records sought in its FOIA request, and providing for other appropriate relief including attorney's fees and costs.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B). This Court also has federal question jurisdiction over this action under 28 U.S.C. § 1331.

9. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

10. This Court is a proper venue because Plaintiff resides in the District of Columbia. *See* 28 U.S.C. § 1391(e)(1)(C) (2011) (where defendant is the government or a government agent, a civil action may be brought in the district where the plaintiff resides if there is no real

property at issue).  Venue is also proper under 5 U.S.C. § 552(a)(4)(B) (providing for venue in FOIA cases where the plaintiff resides, or in the District of Columbia).

11. This Court has the authority to award costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E).

## PARTIES

12. Plaintiff, PEER, is a non-profit public interest organization incorporated in Washington, D.C., with field offices in California, Colorado, Florida, Massachusetts, and Tennessee.

13. Among other public interest projects, PEER engages in advocacy, research, education, and litigation to promote public understanding and debate concerning key current public policy issues.  PEER focuses on the environment, including the regulation and remediation of toxic substances, public lands and natural resource management, public funding of environmental and natural resource agencies, and ethics in government.  PEER educates and informs the public through news releases to the media on its website, www.peer.org.

14. Defendant, EPA-OIG, is an agency of the United States as defined by 5 U.S.C. § 552(f)(1).

15. Defendant is charged with the duty to provide public access to records in its possession consistent with the requirements of FOIA.  Defendant is denying Plaintiff access to its records in contravention of federal law.

## FACTS

16. On March 4, 2015, U.S. Chemical Safety and Hazard Investigation Board ("CSB") General Counsel Richard Loeb personally delivered to EPA-OIG Deputy General Counsel Eric Hanger a packet of information.  The packet contained a copy of the March 2, 2015 letter from CSB Chairman Rafael Moure-Eraso to EPA Inspector General Arthur Elkins revealing the results of an internal CSB review of personal e-mail use by CSB staff to conduct official

business and copies of approximately 472 printed pages of e-mails sent from non-CSB accounts by CSB personnel in which CSB business was conducted. These emails covered the period of approximately October 2011 to March 2014 to – among others – White House and Congressional staff, labor union officials, and other interested stakeholders.

17. On June 22, 2015, Plaintiff submitted a FOIA request to Defendant via email, U.S. mail, and fax. This request sought records reflecting what actions EPA-OIG took in response to the information Mr. Hangar received from Mr. Loeb. Specifically, Plaintiff requested:

   (1) A copy of the packet of materials (both the letter and print-out of e-mails) Mr. Loeb handed to the EPA-OIG Deputy General Counsel;

   (2) Any decision memos of a decision to conduct or to not conduct an inquiry into the referenced materials;

   (3) Any report of investigations or other review of the subject matter of the material conducted by EPA-OIG not already published; and

   (4) Any communications after March 1, 2015 between EPA-OIG personnel and any outside or non-OIG party concerning the subject matter of this packet from the CSB Chair.

18. Although Defendant never sent a letter acknowledging the June 22, 2015 FOIA request, Defendant presumably received it by email and fax on the same day.

19. By letter dated July 2, 2015, EPA Headquarters' Office of Environmental Information indicated, "We have been informed by the Office of the Inspector General (OIG) that your request does not reach the minimum billable amount, so there are no charges associated with processing your request. The OIG will be responding to your information request." This letter referenced the tracking number EPA-HQ-2015-008305.

20. The FOIA requires agencies to determine within 20 working days after the receipt of any FOIA request whether to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i).

21. Twenty working days from the date of the request was July 21, 2015. Twenty working days from the date of EPA Headquarters' letter regarding billing was July 31, 2015.

22. By either calculation, Defendant has not complied with applicable time limits as, to date, it has provided no records responsive to Plaintiff's June 22, 2015 FOIA request.

23. Because administrative remedies under FOIA are deemed exhausted whenever an agency fails to comply with the applicable time limits, 5 U.S.C. § 552(a)(6)(C)(i), Plaintiff has actively exhausted all administrative remedies.

24. Plaintiff now turns to this Court to enforce FOIA's remedies and its guarantee of public access to agency records.

## CAUSE OF ACTION

### Violation of the Freedom of Information Act

25. Plaintiff incorporates the allegations in the preceding paragraphs.

26. Defendant's failure to disclose the records requested under Request No. EPA-HQ-2015-008305 within the time frames mandated by statute is a constructive denial and wrongful withholding of records in violation of FOIA, 5 U.S.C. § 552 *et seq.*, and the Agency's own regulations promulgated there under, 40 C.F.R. § 2.100 *et seq.*

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

   i. Enter an order declaring that Defendant wrongfully withheld the requested agency records;

   ii. Issue a permanent injunction directing Defendant to disclose to Plaintiff all wrongfully withheld records;

iii. Maintain jurisdiction over this action until Defendant complies with FOIA, the Administrative Procedure Act, and every order of this Court;

iv. Award Plaintiff attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

v. Grant such additional and further relief to which Plaintiff may be entitled.

Respectfully submitted on August 18, 2015,

  __/s/ Laura Dumais_____
Laura Dumais, DC Bar # 1024007
Public Employees for Environmental Responsibility
2000 P Street, NW Suite 240
Washington, D.C. 20036
(202) 265-7337

*Counsel for Plaintiff*